UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHEET METAL WORKERS' NATIONAL
PENSION FUND, NATIONAL ENERGY
MANAGEMENT INSTITUTE COMMITTEE FOR    **REPORT AND**
THE SHEET METAL AND AIR CONDITIONING   **RECOMMENDATION**
INDUSTRY, SHEET METAL OCCUPATIONAL
HEALTH INSTITUTE TRUST, INTERNATIONAL   10-CV-4757 (NG) (JMA)
TRAINING INSTITUTE FOR THE SHEET METAL
AND AIR CONDITIONING INDUSTRY, and
NATIONAL STABILIZATION AGREEMENT OF
THE SHEET METAL INDUSTRY FUND,

                              Plaintiffs,

    -against-

CARDRONA, INC. and ULTAN GALLIGAN,
as an individual,

                             Defendants.
------------------------------------------------------------------X

A P P E A R A N C E S:

Jeffrey S. Dubin
464 New York Avenue, Suite 100
Huntington, NY 11743
    *Attorney for Plaintiff*

**AZRACK**, **United States Magistrate Judge:**

      Plaintiffs Sheet Metal Workers' National Pension Fund, National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry, Sheet Metal Occupational Health Institute Trust, International Training Institute for the Sheet Metal and Air Conditioning Industry, and National Stabilization Agreement of the Sheet Metal Industry Fund ("the Funds") commenced the current action against Cardrona, Inc. and Ultan Galligan (collectively, "defendants") pursuant to 29 U.S.C. §§ 1132 and 1145 of the Employee Retirement Income Security Act of 1974 ("ERISA") on October 15, 2010 to recover delinquent

1

contributions and associated payments allegedly owed to the Funds. See generally Compl., ECF No. 1. Although Cardrona was properly served with copies of the summons and complaint on November 1, 2010, and Galligan was properly served on November 8, 2010, both defendants failed to appear or otherwise defend against the action. ECF Nos. 4, 5. Plaintiffs moved for a default judgment on December 3, 2010. ECF No. 6. On December 6, 2010, the Clerk of the Court entered the default. ECF No. 7. The Honorable Nina Gershon referred plaintiffs' motion for default judgment to me for a report and recommendation as to entry of a default judgment and damages. ECF No. 8.

For the reasons set forth below, I respectfully recommend that plaintiffs be awarded $14,019.68 in unpaid contributions, $222.16 in interest, $2,803.89 in liquidated damages, $1,350 in attorney's fees, and $470 in costs, for a total award of $18,865.73.

## I. BACKGROUND

Plaintiffs are multi-employer benefits funds within the meaning of ERISA Section 3(3) that collect contributions from employers and provide benefits to union members. 29 U.S.C. § 1002(3); Compl. ¶ 2. Defendant Galligan is the sole owner of Cardrona, Inc., which qualifies as an employer within the meaning of ERISA Section 3(5). 29 U.S.C. § 1002(5); Pls.' Mem. of Law in Supp. of Mot. for Default J. ("Pls.' Mem.") 2, ECF No. 6–4. According to Article XII of the collective bargaining agreement ("CBA") between plaintiffs and defendants, defendants are obligated to make fringe benefit contributions to the Funds according to pre-established rate schedules for work performed by individuals within the employ of defendants. See Compl. ¶ 10; Decl. of Walter Shaw in Supp. of Pls.' Mot. for Default J. ¶¶ 9–10, ECF No. 6–6; Pls.' Mot. for Default Judgment ("Pls.' Mot. for Default") Ex. B at Art. XII, ECF No. 6–8. If an employer fails to make such contributions in a timely manner, plaintiffs are entitled to interest, liquidated

damages, attorney's fees, and costs. See Pls.' Mot. for Default Ex. B. at Art. XII, § 25. The CBA also provides that employers adopt the Agreement and Declarations of Trust ("trust agreements") governing the various Funds. See id. at Ex. B Art. XII, § 24. These trust agreements set the rate of liquidated damages at twenty percent, and list interest rates for the various funds. See Pls.' Mot. for Default Exs. H-L.

Despite defendants' obligation to make contributions in a timely manner, they failed to do so. Compl. ¶ 13. Thus, plaintiffs seek damages in the amount of $18,865.73, which consists of $14,019.68 in unpaid contributions, $222.16 in interest, $2,803.89 in liquidated damages, $470 in costs, and $1,350 in attorney's fees. Decl. of Jeffrey S. Dubin in Supp. of Pls.' Mot. for Default ("Dubin Decl.") ¶ 13, ECF No. 6–5; First Supplemental Decl. of Jeffrey S. Dubin in Supp. of Pls.' Mot. for Default ("Supp. Dubin Decl.") Ex. C, ECF No. 9.[1]

## II. DISCUSSION

**A. Liability**

A default amounts to an admission of liability, and all well-pleaded allegations in the complaint pertaining to liability are deemed true. See Greyhound Exhibit Grp., Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (internal citation omitted); Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc., 702 F. Supp. 2d 104, 109 (E.D.N.Y. 2010). The complaint alleges that plaintiffs entered into an agreement with the defendants under which defendants were obligated to make contributions to the funds, and that defendants failed to make such contributions. Thus, the complaint sufficiently establishes the elements of liability required to state a claim under ERISA.

---

[1] Plaintiffs submitted a supplemental declaration in order to recalculate the interest award.

**B.     Damages**

ERISA provides a right of recovery for unpaid contributions, interest, liquidated damages, reasonable attorney's fees, and costs. 29 U.S.C. § 1132(g)(2). Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. See Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Courts must conduct an inquiry to ascertain the amount of damages with reasonable certainty. Id. (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Second Circuit approved the holding of an inquest by affidavit, without a hearing, as long as the Court "ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine, 109 F.3d at 111 (citation omitted). Here, plaintiffs submitted: (1) the collective bargaining agreement; (2) a memorandum of law; (3) the declaration of Walter Shaw, the billing and eligibility manager of the Funds; (4) two declarations of Jeffrey S. Dubin, plaintiffs' counsel; (5) rate sheets setting forth the applicable contribution rates; (6) schedules of unpaid contributions; and (7) the trust agreements. Defendant has made no submissions pertaining to damages. I find that plaintiffs' submissions provide a sufficient basis from which to ascertain damages.

**1.     Unpaid Contributions**

Under ERISA, plaintiffs are entitled to fringe benefit contributions unpaid by defendants. 29 U.S.C. § 1132(g)(2)(A). Plaintiffs request $14,019.68 in unpaid contributions. They support this request with a document setting forth the amount of contributions owed for each Fund for June, July, and August of 2010. Plaintiffs also provided the CBA, which sets the applicable contribution rates for each Fund. I have reviewed plaintiffs' calculations and deem them

accurate. Therefore, I respectfully recommend that plaintiffs be awarded $14,019.68 in unpaid contributions.

   2.   **Interest**

ERISA awards plaintiffs interest on unpaid contributions. 29 U.S.C. § 1132(g)(2)(B). Plaintiffs request $222.16 in interest. The various trust agreements set the interest rate at different levels, but none are higher than six percent. Plaintiffs stipulate to an interest figure of six percent across the board for all funds from the date the contributions were due until November 30, 2010. See Supp. Dubin Decl. ¶ 11. After reviewing plaintiffs' interest calculations, I arrived at a number negligibly higher than the amount they requested. However, I decline to award plaintiffs a higher interest award than they sought, and respectfully recommend that plaintiffs be awarded a total of $222.16 in interest.

   3.   **Liquidated Damages**

Plaintiffs request $2,803.89 in liquidated damages. ERISA requires employers who are obligated to make fringe benefit contributions under a multi-employer plan to make such contributions. 29 U.S.C. § 1145. If contributions are not made, plaintiffs are entitled to the greater of (i) the interest paid on the unpaid contributions or (ii) the liquidated damages provided for under the plan, so long as they do not exceed twenty percent of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). The trust agreements adopted by the CBA all provide for liquidated damages at a rate of twenty percent. I have reviewed plaintiff's calculations and find that they are correct. Therefore, I respectfully recommend that plaintiffs be awarded $2,803.89 in liquidated damages.

### 4. Attorney's Fees

ERISA mandates the award of attorney's fees for prevailing parties. 29 U.S.C. § 1132(g)(2)(D). In the Second Circuit, attorney's fees are determined according to the "presumptively reasonable fee" approach, which is calculated by multiplying a reasonable hourly rate by a reasonable number of expended hours. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany, 522 F.3d 182, 186–90 (2d Cir. 2008). The Court has "considerable discretion" in determining the presumptively reasonable fee, and should "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." Id. at 190 (emphasis omitted). Ultimately, the district court should be guided by what a "reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively" would be willing to pay. Id. at 184.

Here, plaintiffs' counsel requests $250 per hour for attorney Jeffrey S. Dubin. I find that $250 is a reasonable hourly rate given Dubin's forty years of experience in labor relations law. See Duverger v. C & C Duplicators, Inc., No. 08-CV-721, 2009 WL 1813229, at *2 (E.D.N.Y. June 25, 2009). Plaintiffs' counsel expended 5.4 hours prosecuting the case. I find this amount of time reasonable. Therefore, I respectfully recommend an attorney's fee award of $1,350.

### 5. Costs

Plaintiffs request $470 in costs for the filing fee, the process server fee, and a filing fee with the secretary of state. Having reviewed plaintiffs' submissions, I find the assessment of costs reasonable and respectfully recommend an award of $470.

## III. CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs be awarded $14,019.68 in unpaid contributions, $222.16 in interest, $2,803.89 in liquidated damages, $1,350 in attorney's fees, and $470 in costs for a total award of $18,865.73.

Plaintiffs are hereby ordered to serve a copy of this report and recommendation on defendants and to promptly file proof of service by ECF. Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of the date of receipt of this report and recommendation. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.

SO ORDERED.

Dated: February 18, 2011
Brooklyn, New York

_____/s/_____
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE